# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| COMPASS HOMES, INC., | : | |
| Plaintiff, | : | Case No. 2:13-CV-647 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| TRINITY HEALTH GROUP, LTD., *et al.*, | : | Magistrate Judge King |
| Defendants. | : | |

## OPINION & ORDER
## I. INTRODUCTION

This matter is before the Court on Defendant Total Cleaning & P.O. LLC's Motion to Dismiss (Doc. 16); Defendants Thomas and Angela McDermott's Motion to Dismiss (Doc. 20); Defendant Trinity Health Group, LTD.'s Motion for Judgment on the Pleadings (Doc. 24); and Defendant Shirk & O'Donovan Consulting Engineers, Inc.'s Motion for Judgment on the Pleadings (Doc. 25).  For the reasons set forth herein, Defendants' Motions are each **GRANTED** in part, and **DENIED** in part.

## II. BACKGROUND

Plaintiff Compass Homes ("Compass" or "Plaintiff") is an Ohio corporation that builds custom homes, creates architectural designs, and constructs and markets houses using those designs.  Its principal place of business is in Delaware County, Ohio.  Defendant Total Cleaning & P.O., LLC ("Total Cleaning") is a limited liability corporation with a principal place of business in Pickaway County, Ohio.  Defendants Thomas and Angela McDermott (collectively "the McDermotts") are individuals who reside in Delaware County, Ohio.  Defendant Trinity Health Group, LTD. ("Trinity") is an Ohio limited liability company with its principal place of business in Franklin County, Ohio.  Defendant Shirk & O'Donovan Consulting Engineers, Inc.

("Shirk & O'Donovan") is an Ohio corporation with a principal place of business in Franklin County, Ohio.

In December 2011, the McDermotts placed a request with Compass for a composite and design for a home they intended to construct. (*Complaint*, Doc. 2, ¶ 14). Compass authored an original architectural design and drawing for the McDermotts, with the belief that the McDermotts would subsequently contract with Compass to construct a home based on the proffered design. (*Id*.). In January 2012, Compass completed the design, and provided it to the McDermotts. (*Id*. at ¶ 15). The design included the following statement regarding distribution of Compass's design:

COPYRIGHT 2011

ALL DRAWING AND WRITTEN MATERIAL APPEARING
HEREIN CONSTITUTE THE ORIGINAL AND UNPUBLISHED
WORK OF COMPASS HOMES INC. AND/OR THE SAME
MAY NOT BE COPIED USED DISCLOSED OR CONSIGNED
TO A THIRD PARTY WITHOUT THE EXPRESS WRITTEN
CONSENT OF COMPASS HOMES INC. WHICH RETAINS
THE COMMON LAW COPYRIGHT TO THIS MATERIAL.

(*Id*. at ¶ 16). Compass submitted its application for a Certificate of Registration to the United States Copyright Office on February 17, 2012. (*Id*. at ¶ 17).

After receiving Compass's design, the McDermotts gave the design to Trinity. (*Id*. at ¶ 19). The McDermotts entered into an agreement with Trinity through which Trinity would construct a house on the McDermotts' property, located at 292 Caboose Lane, Delaware, Ohio 43015. (*Id*.). Shirk & O'Donovan, Defendant Arrow Heating and Cooling Mechanical

("Arrow"), Inc.,[1] and the John Does participated in preparing plans for the McDermott's home. (*Id*. at ¶ 20). Those plans were allegedly based on an unauthorized copy or derivative of the Compass Design. (*Id.*). In 2013, Trinity constructed the residence by incorporating, creating, or directing the creation of the plans prepared by Shirk & O'Donovan, Arrow, and the John Does. (*Id*. at ¶ 23). Total Cleaning also participated in the house's construction. (*Id*. at ¶ 22). None of the Defendants received Compass's authorization prior to using Compass's design. (*Id*. at ¶ 24). According to Compass, however, Defendants did have access to the design, and copies of the infringing design have since been used for Defendants' promotional and advertising materials, as well as distributed to consumers. (*Id*. at ¶ 25, 26(b), 26(c)).

On July 5, 2013, Compass filed a Complaint against Defendants Trinity, Total Cleaning, the McDermotts, Shirk & O'Donovan, Arrow, and John Does 1 through 10, alleging four causes of action: (1) copyright infringement under the Copyright Act, 17 U.S.C. § 504; (2) unjust enrichment, or quantum meruit; (3) conversion; and (4) tortious interference with business relations. On August 1, 2013, pursuant to Rule 12(b)(6), Defendant Total Cleaning filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. On August 21, 2013, Defendants Thomas and Angela McDermott, pursuant to Rule 12(b)(6), filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. On September 11, 2013, Defendant Trinity and Defendant Shirk & O'Donovan, pursuant to Rules 12(b)(1), 12(b)(6), and 12(c), filed Motions for Judgment on the Pleadings. Each individual motion set forth arguments

---

[1] On October 10, 2013, Arrow Heating and Cooling Mechanical, Inc. was dismissed as a party pursuant to the Court's Order. (*Order granting Motion to Dismiss All Claims Against Defendant Arrow Heating and Cooling Mechanical, Inc.*, Doc. 39).

asking this Court to dismiss Counts I through III on the same legal bases.  The arguments are, therefore, addressed collectively herein.

### III. STANDARD OF REVIEW
#### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted."  Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  Thus, the Court must construe the complaint in the light most favorable to the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

#### B.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a Rule 12(b)(6) motion to

dismiss. *Ziegler v. IBP Hog Mkt.,* 249 F.3d 509, 511–12 (6th Cir.2001).  A Rule 12(c) motion is granted only if there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.,* 395 F.Supp.2d 644, 649 (S.D.Ohio 2004).  At the same time, the court need not accept as true legal conclusions or unwarranted factual inferences.  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation omitted).

## IV. ANALYSIS
### A.  Count I – Copyright Infringement

A claim for copyright infringement is brought properly when a plaintiff can establish: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original."  *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (citing *Stromback v. New Line Cinema,* 384 F.3d 283, 293 (6th Cir.2004)).  Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  The Supreme Court, in *Reed Elsevier, Inc. v. Muchnick*, clarified the necessity of registration in copyright claims, stating: "Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." 559 U.S. 154, 157 (2010); *see also Dice Corp. v. Bold Technologies*, 12-2513, 2014 WL 260094, at *8 (6th Cir. Jan. 24, 2014).

In the case *sub judice*, the predominant issue is that Plaintiff did not obtain a Certificate of Registration prior to filing suit. (*Defendant Total Cleaning's Motion to Dismiss*, Doc. 16 at 2-4; *Defendants Thomas and Angela McDermott's Motion to Dismiss*, Doc. 20 at 4-5; *Defendant*

5

*Trinity's Motion for Judgment on the Pleadings*, Doc. 24 at 2; *Defendant Shirk & O'Donovan's Motion for Judgment on the Pleadings*, Doc. 25 at 2). Without obtaining a Certificate of Registration before filing, Plaintiff failed to satisfy the necessary statutory formalities clarified by the *Muchnick* Court. *Muchnick*, 559 U.S. at 157. Moreover, Defendants note that the document attached as Exhibit B to Plaintiff's Complaint (*Complaint*, Doc. 2-2) is not a Certificate of Registration, but merely an image of a page from the website of the Copyright Office. As such, Defendants claim it offers no basis for concluding that Plaintiff has registered its copyright. Defendants allege that, without a valid Certificate of Registration issued prior to the filing of the Complaint, Plaintiff is barred from bringing a copyright infringement action.

In response to Total Cleaning's Motion to Dismiss (*Plaintiff's Memorandum Contra*, Doc. 19 at 4-8), Plaintiff argues that its claim is not barred by the precedent set forth in *Muchnick*. Plaintiff relies on outdated and unpersuasive case law, none of which was decided after *Muchnick*. Though the Sixth Circuit has not specifically addressed the issue of copyright infringement claims brought by parties who have merely filed an application with the Copyright Office, several district courts within the Sixth Circuit, following *Muchnick*, have "construed this registration requirement strictly, and dismissed the infringement claim if the plaintiff ha[s] not satisfied the precondition of registration before initiating suit." *Allure Jewelers, Inc. v. Ulu*, 1:12-CV-91, 2012 WL 4322519, at *2 (S.D. Ohio Sept. 20, 2012) (citing *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., Inc.*, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010); *TreadmillDoctor.com, Inc. v. Johnson*, 2011 WL 1256601, at *4-6 (W.D. Tenn. March 31, 2011)).

6

On September 13, 2013, Plaintiff filed its newly granted Copyright Registration as an attachment to a responsive pleading.  (*See Plaintiff's Memorandum in Opposition*, Doc. 26-1). Plaintiff, therefore, in response to the motions filed by Defendants the McDermotts, Shirk & O'Donovan, and Trinity, contends that the precondition arguments are now moot.  Plaintiff makes such a claim despite the fact that it did not file its Copyright Registration until after the McDermotts, Shirk & O'Donovan, and Trinity had each filed their respective motions.  Nor have Plaintiffs made an effort to file properly the Copyright Registration beyond merely attaching it to a responsive pleading.

In *Strozewski v. Rod's Western Palace*, this Court permitted a copyright infringement case to proceed even though plaintiff had not obtained a copyright registration prior to filing suit, and the plaintiff's copyright had been approved after the defendant filed its motion to dismiss. No. 10-cv-1128, 2011 WL 6179270, at *1 (S.D. Ohio Dec. 13, 2011).  Plaintiff sought leave to file a second amended complaint, which this Court granted, to "reflect that his copyright is now fully registered." *Id.*  Though the copyright registration was not filed before plaintiff brought suit, this Court permitted the action to proceed on two grounds.  First, the Court had proper jurisdiction throughout the entirety of the action.  *Id*.  Second, had the Court chosen to deny plaintiff's leave to amend the complaint, plaintiff could simply have re-filed the action.  *Id*.

Here, the timing of Plaintiff's copyright registration, coupled with Plaintiff's decision merely to attach the registration to a responsive pleading, has resulted in disjointed strings of pleadings.  Plaintiff's lack of copyright registration prior to filing is not a ground on which to dismiss Count I, because it is clear that the registration has since been approved.  Plaintiff must properly file its copyright registration, however, to prevent any further confusion.  Plaintiff,

therefore, is hereby **ORDERED** to file an Amended Complaint with the copyright registration attached.  Plaintiff's Amended Complaint shall reflect the Court's findings set forth within this Order.  Accordingly, Defendants' Motions as to Count I are hereby **DENIED**.

### B.  Preemption of State Law Claims

Defendants each argue that Counts II and III, alleging unjust enrichment and conversion, respectively, are preempted under 17 U.S.C. § 301.

Section 301 of the Copyright Act provides that:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  Therefore, "a state common law or statutory claim is preempted if: (1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102,[2] 103;[3] and, (2) the rights granted under state law are equivalent to any exclusive rights within the

---

[2] Section 102 states: (a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories: (1) literary works; (2) musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and  (8) architectural works.
(b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

[3] Section 103 states: (a) The subject matter of copyright as specified by section 102 includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.
(b) The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right

8

scope of federal copyright as set out in 17 U.S.C. § 106."[4] *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir.2001). While it is undisputed that the plans at issue meet the subject matter requirement, the parties disagree as to whether Plaintiff's claims for unjust enrichment and conversion are preempted under the second prong, or "equivalency requirement." *See Stromback*, 384 F.3d at 301.

> As set forth by the Sixth Circuit:
>> Equivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights. Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

*Id.* (citing *Wrench*, 256 F.3d at 456). Under the equivalency requirement, an extra element found in the relevant state law "precludes preemption only where the element changes the nature, rather than the scope, of the action." *Id.* (citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164-65 (1st Cir. 1994)).

### 1. Unjust Enrichment

Under Ohio law, a plaintiff must satisfy three elements for an unjust enrichment claim. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). There must be: "(1) a

---

in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

[4] Section 106 states: Exclusive rights in copyrighted works Subject to sections 107 through 121, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id*. Claims for unjust enrichment arise out of contracts implied in law. *DVCC, Inc. v. Med. Coll. of Ohio*, 2006 WL 496036, at *4 (internal citations omitted). A contract implied in law requires no meeting of the minds but "civil liability arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain and for which he may be made to respond to another in an action in the nature of assumpsit." *Legros v. Tarr*, 44 Ohio St. 3d 1, 7 (1989) (quoting *Hummel v. Hummel*, 133 Ohio St. 520, 525 (1938)). A contract implied in fact, on the other hand, requires a meeting of the minds, "which [makes] it inferable that the contract exists as a matter of tacit understanding." *Id*. at 6-7.

The Sixth Circuit has emphasized the "crucial difference" between a contract implied in fact and a contract implied in law under the preemption analysis:

> [For a contract implied in law], the action depends on nothing more than the unauthorized use of the work. Thus, an action based on a contract implied in law requires no extra element in addition to an act of reproduction, performance, distribution or display, whereas an action based on a contract implied in fact requires the extra element of a promise to pay for the use of the work which is implied from the conduct of the parties.

*Wrench*, 256 F.3d at 459; *see also Tastefully Simple, Inc. v. Two Sisters Gourmet, LLC*, 134 F. App'x 1, fn. 3 (6th Cir. 2005) (plaintiff's unjust enrichment claims regarding forms labled, "Taxes," "Reactivation," and "Party Checklist" were preempted because: (1) they fell within the scope of the "subject matter of copyright;" and (2) the claims depended on nothing more than the unauthorized use of the copyrighted material) (citing *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 636 (6th Cir. 2001) (abrogated on other grounds by *Muchnick*, 559 U.S. 154)).

Defendants each argue that the Plaintiff's claim for unjust enrichment is barred. (Doc. 16 at 4-6; Doc. 20 at 6-9; Doc. 24 at 2; Doc. 25 at 2). Specifically, Defendants state that, because Plaintiff has failed to allege an additional element, the claim is preempted under the two-part test set forth in *Wrench*. Conversely, Plaintiff contends that it has alleged an extra element—that it has the right to be paid for its work. Plaintiff further claims that it has alleged an implied promise to be paid for its design.

Ohio courts have explained that "[i]n contrast to express contracts or contracts implied in fact, obligations recognized pursuant to a theory of unjust enrichment arise by operation of law and do not depend upon the intentions of the parties." *Shaw v. J. Pollock & Co.*, 82 Ohio App. 3d 656, 662 (1992) (internal citations omitted). A contract implied in law does not require a meeting of the minds. *See Legros*, 44 Ohio St. 3d. at 7. A claim for unjust enrichment in this context "depends on nothing more than the unauthorized use of the work." *Wrench*, 256 F.3d at 459. Here, Compass's unjust enrichment claims against Total Cleaning, Trinity, and Shirk & O'Donovan are based on contracts implied in law. Indeed, it is solely the unauthorized use of Plaintiff's work on which its claims against these Defendants are based. Importantly, "an action based on a contract implied in law requires no extra element in addition to an act of reproduction, performance, distribution or display," *id*.; nor has Compass alleged any such additional element that would preclude preemption. Thus, Plaintiff's claims for unjust enrichment brought against Total Cleaning, Trinity, and Shirk & O'Donovan are preempted under 17 U.S.C. § 301.

Compass's unjust enrichment claim against the McDermotts, however, is less clear cut. Although contracts implied in fact may survive the preemption equivalency analysis, *see Murray Hill*, 264 F.3d at 638, since they "require[] the extra element of a promise to pay for the use of

11

the work which is implied from the conduct of the parties," *Wrench*, 256 F.3d at 459, this is not what Compass alleges. Rather, in its Complaint, Compass asserts that it created the home design with the "understanding that the McDermotts would contract with it for the construction of a home based upon that design." (Doc. 2 at ¶ 14). While Compass may have drafted the home design with a hope of contracting with the McDermotts, such belief does not constitute a promise to pay. Without the inclusion of the "essential element of expectation of compensation, which is an element not envisioned by § 106," Plaintiff's claim is precluded. *Wrench*, 256 F.3d at 459 (finding that appellants' implied in fact contract claim was not preempted based on the inclusion of the promise to pay). As such, Compass's claim against the McDermotts for unjust enrichment is preempted under 17 U.S.C. § 301.

Count II of Plaintiff's Complaint against Total Cleaning, the McDermotts, Trinity, and Shirk & O'Donovan is **DISMISSED**.

## 2. *Conversion*

The tort of conversion in Ohio "might arise from the exercise of a dominion over [another's property] in exclusion of the rights of the owner, or withholding [another's property] from his possession under a claim inconsistent with his rights." *Balt. & Ohio R.R. v. O'Donnell*, 49 Ohio St. 489 (1892). "The elements of a conversion claim are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *NPF IV, Inc. v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996).

Defendants each argue that Plaintiff's conversion claim is preempted under the Copyright Act. Much like the argument presented in opposition of Count II, Defendants contend that Plaintiff has failed to allege an extra element in its conversion claim that would defeat

12

preemption. In response, Plaintiff alleges that Defendants converted Plaintiff's tangible personal property along with its intellectual property. Plaintiff emphasizes Defendants' use of the design, stating that Defendants did more than simply copy it.

Plaintiff has not alleged an additional element in its conversion claim that would preclude preemption. Plaintiff claims that Defendants "wrongfully converted," "creat[ed] and distribut[ed] the Infringing Plans," "construct[ed] the Residence based upon those plans," and "[used] the Copyrighted Compass Design in promotional materials." (Doc. 2 at ¶ 46). Each of those actions states a claim under § 106. *See Murray Hill*, 264 F.3d at 637. Without more, Plaintiff's claim for conversion falls within the exclusive rights set forth in § 106. Plaintiff's conversion claim is, therefore, preempted under 17 U.S.C. § 301. Count III is **DISMISSED** as to Defendants the McDermotts, Total Cleaning, Trinity, and Shirk & O'Donovan.

## V. CONCLUSION

For the above reasons, Defendants' Motions (Doc. 16; Doc. 20; Doc. 24; Doc. 25) are **DENIED** in part, and **GRANTED** in part. Counts II and III are **DISMISSED** as to Defendants the McDermotts, Total Cleaning, Trinity, and Shirk & O'Donovan. Plaintiff is hereby **ORDERED** to file an Amended Complaint with its copyright registration attached, in light of this Opinion.

    **IT IS SO ORDERED.**

                                                 s/Algenon L. Marbley
                                                 ALGENON L. MARBLEY
                                                 UNITED STATES DISTRICT JUDGE

**Dated: March 26, 2014**